**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

QIANG DU,

    Plaintiff,

v.

BSH.COM, an Internet domain name, and JOHN DOE,

    Defendants.

Civil Action No. _____

**VERIFIED COMPLAINT**

Plaintiff Qiang Du ("Mr. Du"), by counsel, alleges as follows for his Complaint against Defendants:

**NATURE OF THE SUIT**

1. Mr. Du's claims in this case involve intellectual property theft by computer hacking—colloquially referred to as "domain name theft" or "domain name hijacking." To recover his valuable intellectual property, Mr. Du asserts claims for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer of the BSH.com domain name (the "Defendant Domain Name").

2. Mr. Du seeks injunctive and other equitable relief as a result of the actions of a person of unknown identity who gained unauthorized access to Mr. Du's domain name

© 2017 Wiley Rein LLP.  All rights reserved.

management account on a protected computer, transferred control of the Defendant Domain Name from Mr. Du's account, and thereby disabled Mr. Du's control of the Defendant Domain Name causing irreparable injury to Mr. Du.

## PARTIES

3. Mr. Qiang Du is an individual with an address in Mountain View, California. Mr. Du was the registrant of the Defendant BSH.com until on or about November 19, 2016. Mr. Du was, and is, the rightful owner of the Defendant Domain Name.

4. Defendant BSH.com is an Internet domain name which, according to records in the WHOIS database of domain name registrations, is now improperly registered in the name of "liuxiaosheng / liuxiaosheng" with a mailing address of "Jiajiahao building, Nanshan district, Shen guangdong 518000 CN". A copy of the current domain name registration record for BSH.com is attached as Exhibit A.

5. Defendant John Doe is a person of unknown identity who gained unauthorized access to Mr. Du's protected domain name management account and, without consent or authority, transferred control of Defendant Domain Name away from Mr. Du.

## JURISDICTION, VENUE AND JOINDER

6. This action arises out of John Doe's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia.

7. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1367, and the doctrines of ancillary and pendent jurisdiction.

© 2017 Wiley Rein LLP. All rights reserved.

8. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(i)(I) because the registrant of the Defendant Domain Name is, on information and belief, a fictitious person/entity and therefore Mr. Du cannot obtain in personam jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Mr. Du, despite his due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A). Mr. Du is providing notice to the Defendants of his intent to proceed *in rem* against the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa).

9. The Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(3) and (4), states that the *in rem* action, jurisdiction, and remedies created by the statute are "in addition to any other civil action or remedy otherwise applicable" and "in addition to any other jurisdiction that otherwise exists, whether in rem or in personam."

10. Mr. Du's claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims for quiet title and conversion, are based on John Doe's unauthorized access to and alteration of computer records maintained on protected computers for the domain registry located within the district so as to effectuate the theft of the Defendant Domain Name.

11. John Doe directed the acts complained of herein toward the district and utilized instrumentalities in the district in that John Doe gained unauthorized access to Mr. Du's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr.

© 2017 Wiley Rein LLP. All rights reserved.

Du.

12. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that the Defendant Domain Name is property situated in this district and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

13. Joinder of Defendant John Doe and the Defendant Domain Name is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the same questions of law are common to all of the Defendants.

## MR. DU'S RIGHTS

14. Mr. Du purchased the domain name BSH.com for $100,000 through a private sale on or about April 5, 2016. Attached as Exhibit B is an archived copy of the Whois record for the BSH.com domain name from April 28, 2016 identifying Mr. Du as the registrant of the domain name.

15. Mr. Due transferred the BSH.com domain name to the ICANN-accredited domain name registrar Uniregistry Corp. ("Uniregistry") on May 3, 2016, and was the registrant of the BSH.com domain name until on or about November 19, 2016, when the domain name was hijacked improperly. A true and accurate copy of the receipt Mr. Du received when he transferred the domain name to Uniregistry is attached hereto as Exhibit C.

16. Mr. Du used the BSH.com domain name in U.S. commerce in association with the paid provision of information and advertisements for goods and services until Defendant John Doe changed the settings for the Defendant Domain Name and thereby disabled Mr. Du's website.

© 2017 Wiley Rein LLP. All rights reserved.

17. Mr. Du is entitled to common law trademark protection in the BSH.com mark by virtue of his use of the mark in U.S. commerce in association with email and paid advertising and information services.

18. John Doe's unauthorized transfer and subsequent misuse of the Defendant Domain Name further demonstrates that the BSH.com mark is entitled to trademark protection.

**UNLAWFUL TRANSFER AND REGISTRATION OF THE DOMAIN NAME**

19. The Associated Press reported that a 2013 survey by the National Small Business association found that 44% of small businesses had been the subject of computer hacking.

20. Mr. Du's claims in the present case involve one of the most recent iterations of such computer hacking actions—colloquially referred to as "domain name theft."

21. Mr. Du maintains a domain name management account with Uniregistry.

22. Mr. Du's domain name management account with Uniregistry is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Du's user name and password.

23. On April 29, 2017, Mr. Du noticed that the BSH.com domain name had been transferred from Uniregistry to 22.cn, which is a common destination registrar for stolen domain names. *See, e.g.*, DomainGang, *Cache of 25 LLLL.com Domains Stolen from GoDaddy Account* (Oct. 10, 2015, 10:32 p.m.), http://domaingang.com/domain-crime/cache-of-25-llll-com-domains-stolen-from-a-godaddy-account/ (describing transfer of stolen domain names to 22.cn); DomainGang, *Cybercrime Report: Four LLL.com Domains Reported as Stolen* (Nov. 11, 2015, 9:59 p.m.), http://domaingang.com/domain-crime/cybercrime-report-four-llll-com-domains-reported-as-stolen/ (same).

24. Upon further research, Mr. Du discovered that the BSH.com domain name had been "pushed" to another account with Uniregistry on or about November 19, 2016.

25. A search of Mr. Du's administrative e-mail account reveals that Mr. Du never received a notification from Uniregistry that the Defendant Domain Name was being transferred. Such a domain name transfer notification email is required by ICANN.

26. On information and belief, John Doe obtained unauthorized access to Mr. Du's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through an "account transfer" within Uniregistry or other surreptitious manner intended to avoid detection by Mr. Du.

27. On information and belief, John Doe prevented Mr. Du from receiving electronic communications seeking approval for the transfer of the Defendant Domain Name and obtained unauthorized access to such electronic communications so as to approve the transfer.

28. When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Du's ability to use and control the domain name and associated website.

29. The registration and use of the Defendant Domain Name by John Doe is without authorization from Mr. Du.

30. The Defendant Domain Name does not reflect the trademark or intellectual property rights of John Doe.

31. On information and belief, the Defendant Domain Name does not reflect the legal name of the current registrant of the domain name.

32. The current registrant of the Defendant Domain Name has not engaged in bona

© 2017 Wiley Rein LLP.  All rights reserved.

24. Upon further research, Mr. Du discovered that the BSH.com domain name had been "pushed" to another account with Uniregistry on or about November 19, 2016.

25. A search of Mr. Du's administrative e-mail account reveals that Mr. Du never received a notification from Uniregistry that the Defendant Domain Name was being transferred. Such a domain name transfer notification email is required by ICANN.

26. On information and belief, John Doe obtained unauthorized access to Mr. Du's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through an "account transfer" within Uniregistry or other surreptitious manner intended to avoid detection by Mr. Du.

27. On information and belief, John Doe prevented Mr. Du from receiving electronic communications seeking approval for the transfer of the Defendant Domain Name and obtained unauthorized access to such electronic communications so as to approve the transfer.

28. When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Du's ability to use and control the domain name and associated website.

29. The registration and use of the Defendant Domain Name by John Doe is without authorization from Mr. Du.

30. The Defendant Domain Name does not reflect the trademark or intellectual property rights of John Doe.

31. On information and belief, the Defendant Domain Name does not reflect the legal name of the current registrant of the domain name.

32. The current registrant of the Defendant Domain Name has not engaged in bona

© 2017 Wiley Rein LLP.  All rights reserved.

fide noncommercial or fair use of Mr. Du's BSH.com trademark in a website accessible under the Defendant Domain Name and, to the contrary, is currently seeking to sell the domain name. A copy of the current "for-sale" advertisement for the domain name is attached hereto as Exhibit D.

33. John Doe provided material and misleading false contact information in the domain name registration when changing the registrant for the Defendant Domain Name from Mr. Du to the current registrant.

34. John Doe transferred the Defendant Domain Name without authorization from Mr. Du and thereby acquired a domain name which John Doe knew was identical to, and reflective of, Mr. Du's BSH.com mark.

**FIRST CLAIM FOR RELIEF**
**Violation of the Federal Anticybersquatting Consumer Protection Act**

35. Mr. Du repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

36. Mr. Du's BSH.com mark is distinctive and was distinctive prior to the time that John Doe transferred the Defendant Domain Name away from Mr. Du without authorization and thereby registered the Defendant Domain Name.

37. The aforesaid acts by John Doe constitute registration, trafficking, or use of a domain name that is identical to Mr. Du's BSH.com mark, with bad faith intent to profit therefrom.

38. Mr. Du, despite his due diligence, has been unable to find a person over whom the court could obtain in personam jurisdiction for a civil action under 15 U.S.C. § 1125(d)(2)(A)(i)(I).

39. The aforesaid acts by John Doe constitute unlawful cyberpiracy in violation of the

© 2017 Wiley Rein LLP. All rights reserved.

Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

40. The aforesaid acts have caused, and are causing, great and irreparable harm to Mr. Du and the public. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Mr. Du is entitled to an order transferring the Defendant Domain Name registration back to Mr. Du.

**SECOND CLAIM FOR RELIEF**
**Violation of the Computer Fraud & Abuse Act**

41. Mr. Du repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

42. John Doe: (a) knowingly and intentionally accessed Mr. Du's domain name management account on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication (18 U.S.C. § 1030(a)(2)(C)); (b) knowingly and with an intent to defraud accessed Mr. Du's domain name management account on a protected computer without authorization and obtained information from the computer, which John Doe used to further a fraud and obtain something of value (18 U.S.C. § 1030(a)(4)); and (c) intentionally accessed Mr. Du's domain name management account on a protected computer without authorization, and as a result of such conduct caused damage and loss (18 U.S.C. § 1030(a)(5)(C)).

43. John Doe's unlawful actions have included causing the protected domain name registration records maintained in the district by VeriSign, Inc. to be altered so as to transfer control of Defendant Domain Name away from Mr. Du.

44. Mr. Du has suffered damages as a result of the conduct complained of herein and the loss of the Defendant Domain Name.

© 2017 Wiley Rein LLP. All rights reserved.

### THIRD CLAIM FOR RELIEF
### Violation of the Electronic Communications Privacy Act

45. Mr. Du repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

46. On information and belief, John Doe intentionally accessed without authorization electronic communications sent by the domain name registrar to Mr. Du seeking Mr. Du's approval for the transfer of the Defendant Domain Name.

47. On information and belief, John Doe obtained such electronic communications and/or prevented Mr. Du's authorized access to such electronic communications while the communications were in electronic storage.

48. John Doe engaged in such actions with a knowing and/or intentional state of mind, and such actions constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707.

49. Mr. Du has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and attorney's fees under the Electronic Communications Privacy Act.

### FOURTH CLAIM FOR RELIEF
### Quiet Title

50. Mr. Du repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

51. Mr. Du has valid legal and equitable title to the Defendant Domain Name by virtue of his registration and ownership of the domain name since 2003.

52. The Defendant Domain Name was stolen from Mr. Du and no subsequent

© 2017 Wiley Rein LLP. All rights reserved.

registrant may acquire valid title to the domain name.

53. Through control of the domain name, John Doe and/or the current registrant of the Defendant Domain Name (if someone other than John Doe) has asserted a claim to the Defendant Domain Name that impedes Mr. Du's ownership and control of the domain name and constitutes a cloud on Mr. Du's title to the domain name.

54. If the current registrant of the Defendant Domain Name is not John Doe, then the current registrant acquired the Defendant Domain Name under circumstances through which it knew or should have known that the Defendant Domain Name was stolen.

55. Mr. Du is entitled to a declaration from the Court that it is the lawful owner and registrant of the Defendant Domain Name and that there are no other valid claims against the title to the Defendant Domain Name.

## FIFTH CLAIM FOR RELIEF
### Conversion

56. Mr. Du repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

57. Mr. Du is the owner of property rights in and to the Defendant Domain Name.

58. John Doe has wrongfully taken control of the Defendant Domain Name.

59. John Doe's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Du of use and control of the Defendant Domain Name in violation of Mr. Du's rights in and to the domain name.

60. To the extent that John Doe has subsequently transferred the Defendant Domain Name to a person or persons other than John Doe, such other person's wrongful exercise of dominion and control over the Defendant Domain Name deprives Mr. Du of use and control of the Defendant Domain Name in violation of Mr. Du's rights in and to the domain name.

© 2017 Wiley Rein LLP. All rights reserved.

61. Mr. Du has suffered damages including the loss of the Defendant Domain Name as a result of the conduct complained of herein and is entitled to injunctive relief, actual, statutory, and/or punitive damages, and/or attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Du respectfully requests of this Court:

1. That judgment be entered in favor of Mr. Du on his claim for violation of the Anticybersquatting Consumer Protection Act and against the res Defendant BSH.com.

2. That judgment be entered in favor of Mr. Du on his claims for violation of the Computer Fraud and Abuse Act, violation of the Electronic Communications Privacy Act, Quiet Title, and Conversion against Defendant John Doe.

3. That the Court order the Defendant Domain Name be returned to Mr. Du through VeriSign, Inc.'s transfer of the domain names from the current domain name registrar to Mr. Du's registrar of choice, Uniregistry Corp., and by Uniregistry Corp.'s change of the registrant back to Mr. Du.

4. That the Court order an award of actual, statutory, and/or punitive damages, costs and reasonable attorney's fees; and

5. That the Court order an award to Mr. Du of such other and further relief as the Court may deem just and proper.

Dated: June 20, 2017    By:       /s/ Attison L. Barnes, III /s/
                                                       Attison L. Barnes, III (VA Bar No. 30458)
                                                       David E. Weslow (*for pro hac admission*)
                                                       WILEY REIN LLP
                                                       1776 K St. NW
                                                       Washington, DC 20006
                                                       (202) 719-7000 (phone)
                                                       (202) 719-7049 (fax)
                                                       abarnes@wileyrein.com
                                                       dweslow@wileyrein.com

                                                       *Counsel for Plaintiff*
                                                       *Qiang Du*

© 2017 Wiley Rein LLP.  All rights reserved.

## **VERIFICATION**

I, Qiang Du, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Qiang Du

_____
Date  6/14/2017