**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| QIANG DU | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. 1:17-cv-00698-LMB-MSN |
| | ) |
| | ) |
| BSH.COM, an internet domain name, and | ) |
| JOHN DOE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES                                                    1

PRELIMINARY STATEMENT                                                   3

BACKGROUND                                                             3

ARGUMENT FOR MOTION TO DISMISS UNDER 12(b)(2)                          4

ARGUMENT FOR MOTION TO DISMISS UNDER 12(b)(6)                          5

ARGUMENT FOR MOTION TO DISMISS UNDER 12(b)(7)                          10

CONCLUSION                                                            10

CERTIFICATION                                                         11

**TABLE OF AUTHORITIES**

**CASES**

*Hilsinger Co. v. FBW Investments*, 109 F.Supp.3d 409                   4

*Gioconda Law Group PLLC v. Kenzie* 941 F.Supp.2d 424                  6

*Webadviso v. Bank of Am. Corp.*, 448 Fed.Appx. 95, 97 (2d Cir.2011)   7

*Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.,* 202 F.3d 489, 493 (2d Cir.2000)   7

*Interstellar Starship Services, Ltd. v. Epix, Inc.,* 304 F.3d 936, 946 (9th Cir.2002)    7

*Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 238 (4th Cir.2002)    7

*Scottrade, Inc. v. Broco Investments, Inc.,* 10 Civ. 03 537, 2011 WL 1226467 *9    8
(S.D.N.Y. Mar. 30, 2011)

*Gratke v. Andersen Windows, Inc.,* No. 10-cv-963 (PJS/LIB), 2010 WL 5439763, at    10
*3 n.4 (D. Minn. Dec. 8, 2010)

**LIST OF STATUTES AND RULES CITED**

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(7)

Fed. R. Civ. P. 12(f)

Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d)

Computer Fraud and Abuse Act, 18 U.S.C § 1030

Electronic Communications Privacy Act, 18 U.S.C § 2701, 2707

## PRELIMINARY STATEMENT

Defendant BSH.COM, Defendant in the above-referenced matter, by and through its undersigned counsel, files this Brief in Support of Motion to Dismiss Plaintiff's Complaint, respectfully seeking a dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), 12(b)(7) or in the alternative, requesting that the Court strike specific claims in the Complaint for insufficient defense pursuant to Fed. R. Civ. P. 12(f). In his Complaint, Plaintiff claimed *in rem* jurisdiction over the Defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) because he could not obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C § 1125(d)(1)(A). The Complaint is based on Plaintiff's claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d) (Claim 1), the Computer Fraud and Abuse Act, 18 U.S.C § 1030 (Claim 2), the Electronic Communications Privacy Act, 18 U.S.C § 2701, 2707 (Claim 3), and related claims of Quiet Title (Claim 4) and Conversion (Claim 5). However, as discussed below, Plaintiff facially failed to comply with procedural and substantive requirements necessary to bring forth his claims.

## BACKGROUND

The current owner of the Defendant, Mr. Liu Xiaosheng, a citizen and a resident of the People's Republic of China purchased the domain name BSH.COM on or about May 1, 2017 from ESCROW.COM by paying a consideration of $30,292.00. Please see attached as **Exhibit A** receipts evidencing the said transaction. Mr. Xiaosheng had no prior knowledge of alleged misappropriation of BSH.COM, and is a bona fide purchaser who purchased the Defendant from ESCROW.COM. Plaintiff brought this Complaint against Defendant and a John Doe for "domain name theft" or "domain name hijacking" alleging that he is the rightful owner of the Defendant

and praying that the Defendant be returned to the Plaintiff along with other relief against the Defendants.

## I.    ARGUMENT FOR MOTION TO DISMISS ON GROUNDS OF LACK OF PERSONAL JURISDICTION- 12(b)(2)

On June 20, 2017, Plaintiff initiated claims against Defendants in this Honorable Court claiming *in rem* jurisdiction in lieu of *in personam* jurisdiction pursuant to 15 U.S.C §1125(d)(2)(A), which provides that-

"**_The owner of a mark_** *may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if -*

*(i) the domain name violates **_any right of the owner of a mark registered in the Patent and Trademark Office_**, or protected under subsection (a) or (c) of this section; and*

*(ii) the court finds that the owner -*

*(I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or*

*(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by…" (Emphasis added)*

Defendant would like to humbly submit to this Court that Plaintiff is not the 'owner' of the mark BSH.COM. The mark BSH.COM is not registered by the Patent and Trademark Office, nor is it a protected mark as contemplated by subsections (a) or (c) of 15 U.S.C §1125(d)(2)(A). Plaintiff cannot therefore claim *in rem* jurisdiction over the Defendant using this section. In *Hilsinger Co. v. FBW Investments*, 109 F.Supp.3d 409, the US District Court held that the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant. In the same case, the Court further held that the exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due process requirements of the United States

Constitution. Due process requires that a nonresident defendant over whom a court will exercise personal jurisdiction has maintained minimum contacts with the state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. In order to exercise specific personal jurisdiction consistent with due process, a nonresident defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Voluntariness, as is necessary to satisfy the purposeful availment requirement for exercising specific personal jurisdiction consistent with due process, mandates that a nonresident defendant's contacts with the forum state proximately result from actions of the defendant himself. The Defendant is currently registered in the name of Mr. Liu Xiaosheng, a citizen and a resident of the People's Republic of China. Mr. Xiaosheng never conducted any activities with respect to the Defendant in the United States and therefore never purposefully availed the benefits of conducting activities in the forum state. The long-arm statute that the Plaintiff used to exercise personal jurisdiction over the Defendant does not help the Plaintiff's case as the Plaintiff is not the owner of the trademark as is required under the statute. Based upon the foregoing, Defendant respectfully requests that the Court dismiss the Complaint for lack of personal/ *in rem* jurisdiction.

## II.   ARGUMENT FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED- 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. The Complaint is based on Plaintiff's claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d) (Claim 1), the

Computer Fraud and Abuse Act, 18 U.S.C § 1030 (Claim 2), the Electronic Communications Privacy Act, 18 U.S.C § 2701, 2707 (Claim 3), and related claims of Quiet Title (Claim 4) and Conversion (Claim 5).

### 1. **CLAIM 1- Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d)**

15 U.S.C § 1125(d)(1)(A) provides that "*A person shall be liable in a civil action **by the owner of a mark**...if...that person -*

*(**i**) **has a bad faith intent to profit from that mark**, including a personal name which is protected as a mark under this section; **and***

*(**ii**) registers, traffics in, or uses a domain name that -*

*(**I**) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;*

*(**II**) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or*

*(**III**) is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.*

Thus, the elements for a civil action under the Anticybersquatting Consumer Protection Act 15 U.S.C § 1125(d)(1) are that:

- Only a trademark owner may bring a civil action;

- Against a person who has a bad faith intent to profit from that mark; AND

- Registers, traffics or uses a domain name that is identical or confusingly similar to the (registered trade) mark.

In *Gioconda Law Group PLLC v. Kenzie* 941 F.Supp.2d 424, the Federal Court reiterated these basic elements to bring a civil action under the Anticybersquatting Consumer Protection Act 15 U.S.C § 1125(d)(1) and held that "To successfully assert a

claim under the Anticybersquatting Consumer Protection Act (ACPA), a plaintiff must demonstrate that: (1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to plaintiff's mark; and (3) the infringer has a bad faith intent to profit from that mark". Also see *Webadviso v. Bank of Am. Corp*., 448 Fed.Appx. 95, 97 (2d Cir.2011).

Explaining the intent behind the legislation, the Court in *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.,* 202 F.3d 489, 493 (2d Cir.2000) remarked that "cybersquatting involves the registration of domain names of well-known trademarks by non-trademark holders who then try to sell the names back to the trademark owners. Since domain name registrars do not check to see whether a domain name request is related to existing trademarks, it has been simple and inexpensive for any person to register as domain names the marks of established companies. This prevents use of the domain name by the mark owners, who not infrequently have been willing to pay 'ransom' in order to get 'their names' back.". In other words, "cybersquatting is the Internet version of a land grab. Cybersquatters register well-known brand names as Internet domain names in order to force the rightful owners of the marks to pay for the right to engage in electronic commerce under their own name." *Interstellar Starship Services, Ltd. v. Epix, Inc.,* 304 F.3d 936, 946 (9th Cir.2002). This practice "is considered wrong because a person can reap windfall profits by laying claim to a domain name that he has no legitimate interest in or relationship to." *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 238 (4th Cir.2002).

The Defendant humbly submits that neither is the Plaintiff the owner of the trademark BSH.COM; nor is the current owner of the Defendant, Mr. Xiaosheng, the person against

whom an action under the Anticybersquatting Consumer Protection Act can be sustained as he is a good faith purchaser of the Defendant. Therefore, Plaintiff cannot sustain his claim against the Defendant for violation of the provisions of the Anticybersquatting Consumer Protection Act.

2. **CLAIM 2- Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030**

Plaintiff alleges that John Doe committed certain unlawful actions which included causing the protected domain name registration records to be altered so as to transfer the control of the Defendant away from the Plaintiff. A claim under the Computer Fraud and Abuse Act 18 U.S.C § 1030(a) has four elements:

   a. a defendant has accessed a protected computer;

   b. has done so without authorization or by exceeding such authorization as was granted;

   c. has done so knowingly and with intent to defraud; and

   d. as a result, has furthered the intended fraud and obtained anything of value.

Please see *Scottrade, Inc. v. Broco Investments, Inc.,* 10 Civ. 03 537, 2011 WL 1226467 *9 (S.D.N.Y. Mar. 30, 2011).

Plaintiff did not state any claim against the Defendant or its current owner, who is a good faith purchaser of the Defendant for violation of the Computer Fraud and Abuse Act. Therefore, Plaintiff cannot sustain his claim against the Defendant.

3. **CLAIM 3- Violation of the Electronic Communications Privacy Act 18 U.S.C §§ 2701, 2707**

Plaintiff alleges that John Doe committed certain unlawful actions which included intentionally accessing unauthorized electronic communications and preventing the Plaintiff from accessing such electronic communication sent by the domain name registrar. Plaintiff did not state any claim against the Defendant or its current owner, who is a good faith purchaser of the Defendant for violation of the Electronic Communications Privacy Act. Therefore, Plaintiff cannot sustain his claim against the Defendant.

4. **CLAIM 4- Quiet Title**

Plaintiff claims that he has a valid legal and equitable title to the Defendant and that John Doe and the current registrant of the Defendant have asserted a claim to the Defendant so as to constitute a cloud on the Plaintiff's title to the domain name. Plaintiff further implies knowledge of alleged fraud to the current registrant of the domain name. Whilst the Plaintiff does not make any specific allegation against the Defendant, the current registrant of the Defendant who purchased the domain name from ESCROW.COM by paying a consideration of $30,292.00 declares that at no point did he have any reason to believe that he was dealing with anyone other than the true owner of the domain name. Since no claim has been made against the Defendant, Plaintiff cannot sustain his claim against the Defendant.

5. **CLAIM 5- Conversion**

Plaintiff alleges that John Doe wrongfully took control of the Defendant and that to the extent John Doe subsequently transferred the Defendant to the current registrant, that the current registrant deprives the Plaintiff of use and control of the Defendant. Since no

claim has been made against the Defendant, Plaintiff cannot sustain his claim against the Defendant.

Defendant humbly requests that the Complaint be dismissed against the Defendant for failure to state a claim against it pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative to strike down specific claims from the Complaint for insufficient defense pursuant to Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure 12(f) gives the Court the discretion to strike from a pleading material that is "redundant.". Courts have ruled that the analysis is fundamentally the same pursuant to Rule 12(b)(6) and Rule 12(f), and courts often apply one or both methods. See *Gratke v. Andersen Windows, Inc.,* No. 10-cv-963 (PJS/LIB), 2010 WL 5439763, at *3 n.4 (D. Minn. Dec. 8, 2010).

### III.     ARGUMENT FOR MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY UNDER RULE 19- 12(b)(7)

As evidenced in the above paragraphs, the violations alleged in the Complaint are against John Doe and not against the Defendant. Plaintiff failed to join a necessary party to the suit, ESCROW.COM from whom the current owner of the Defendant purchased the said domain name, BSH.COM by paying a consideration of $30,292.00. There is no basis for liability against the Defendant therefore the Defendant must be dismissed as an improper party pursuant to Fed. R. Civ. P. 12(b)(7).

### CONCLUSION

In conclusion, this Court does not have *in rem* jurisdiction and thereby *in personam* jurisdiction as claimed by the Plaintiff because Plaintiff does not own the mark as required by 15 U.S.C §1125(d)(2)(A) under which Plaintiff is claiming jurisdiction. Secondly, Plaintiff has not

stated any claim against the Defendant and all his claims are made against John Doe. Thirdly, Plaintiff should have been proceeding only against John Doe and not against the Defendant or its current registrant who is a good faith purchaser who purchased the Defendant in good faith from ESCROW.COM for a consideration of $30,292.00.

Defendant respectfully requests this Court to dismiss, or in the alternative, strike Plaintiff's claims. Plaintiff failed to adequately establish jurisdiction or plead any of the claims, and each of them fail as a matter of law.

## **<u>CERTIFICATION</u>**

I certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Civil Rule 7(F)(3), to wit: Times New Roman 12 point with one inch margins.

Dated: August 10, 2017

Respectfully Submitted,

/s/ Yeon Me Kim /s/

_____

Yeon Me Kim
Virginia Bar No: 81446

Chugh LLP
1902 Campus Commons Dr., Suite 440
Reston, Virginia 20191
Tel: (703) 877-0870
Fax: (703) 877-0871
Yeon.Kim@chugh.com

*Counsel for Defendant*