IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

QIANG DU,

    Plaintiff,

v.

BSH.COM, an Internet domain name, and
JOHN DOE,

    Defendants.

No. 1:17-cv-00698-LMB-MSN

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ORDER DIRECTING DEFENDANT BSH.COM
TO PLEAD PURSUANT TO 28 U.S.C. § 1655**

Plaintiff Qiang Du ("Plaintiff" or "Mr. Du"), by counsel, submits this Memorandum of Law in Support of his Motion for an Order Directing Defendant BSH.com and/or the current registrant, Liu Xiaosheng, to Plead Pursuant to 28 U.S.C. § 1655 within fourteen (14) days of the filing of the First Amended Verified Complaint ("FAVC").

## I. INTRODUCTION

Mr. Du has brought this action to recover the BSH.com domain name (the "Defendant Domain Name"), which was improperly stolen from him by a person of unknown identity who gained unauthorized access to Mr. Du's domain name management account on a protected computer, transferred control of the Defendant Domain Name from Mr. Du's account, and thereby disabled Mr. Du's control of the Defendant Domain Name. Mr. Du has already: (1) published notice of this action in *The Washington Times*, as ordered by the Court; and (2) e-mailed copies of the complaint, its pleadings, and the Court's order on publication to the e-mail address currently listed in the Whois database for the registrant of the Defendant Domain Name.

As a result of these actions, a person claiming to be the current registrant of the Defendant Domain Name has received actual notice of the Complaint, as evidenced by counsel's appearance and acceptance of service on behalf of Mr. Liu Xiaosheng as well as Mr. Liu Xiaosheng's declaration filed on behalf of BSH.com. *See* ECF Nos. 8, 11-2. Nevertheless, Mr. Xiaosheng has claimed that this court lacks personal jurisdiction over him. Thus, out of an abundance of caution, Mr. Du requests that the Court issue an order pursuant to 28 U.S.C. § 1655 directing defendant BSH.com to plead within fourteen (14) days of the service of the FAVC.

## II. FACTS

Mr. Du filed this action against John Doe and the Defendant Domain Name on June 20, 2017. *See* ECF No. 1. The Complaint seeks the transfer of the Defendant Domain Name back to Mr. Du based on his superior title to the Defendant Domain Name under*, inter alia*, the *in rem* sections of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2)(A).

On June 23, 2017, Mr. Du provided the current registered owner of the Defendant Domain Name with notice of the alleged violations and a copy of the Complaint. *See* Declaration of Ari Meltzer ("First Meltzer Decl.") ¶ 6 (ECF No. 3-1). The notice was sent to the postal and e-mail addresses provided in the domain name registration record for the bsh.com domain name. *Id.* & Attach. 1.

On June 30, 2017, Mr. Du filed a Motion for Service By Publication. *See* ECF Nos. 3-5. That day, the Court granted Mr. Du's Motion and ordered Mr. Du to publish the Order providing notice to the Defendants in *The Washington Post* or *The Washington Time* once within fourteen (14) days after the entry of the Order. *See* ECF No. 6. The Order further directed Mr. Du to file a declaration within twenty (20) days after the entry of the Order describing the steps that Mr. Du had taken to comply with the Order. *Id.*

Mr. Du caused the Order of Service By Publication to be published in *The Washington Times* on July 12, 2017 and to be served by electronic mail on July 14, 2017. *See* Declaration of Ari Meltzer (ECF No. 7). Mr. Du filed his declaration describing compliance with the Order on July 20, 2017. *Id.*

On August 2, 2017, Yeon Me Kim of Chugh LLP entered an appearance and accepted service on behalf of the Defendant Domain Name and its current registrant, Liu Xiaosheng. ECF No. 8. On August 10, 2017, the Defendant Domain Name moved to dismiss the Complaint. ECF No. 11.

On August 24, 2017, Mr. Du filed his First Amended Verified Complaint that, *inter alia*, added an *in rem* claim for title under 28 U.S.C. § 1655. ECF No. 14.

## II. ARGUMENT

Section 1655, known as the "federal *in rem* statute" or the "lien enforcement statute," provides a means to "remove any cloud upon the title to, real or personal property within the district" where the defendant either cannot be served in the state or does not voluntarily appear. 28 U.S.C. § 1655. According to the statute:

> [T]he court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.
>
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

*Id.*

Here, Plaintiff has already made service upon the Defendant BSH.com and Mr. Xiaosheng as evidenced by the August 2, 2017 appearance and acceptance of service by counsel acting on their behalf.  *See* ECF No. 8.[1]  Thus, while the current registrant of Defendant BSH.com is already before the Court upon acceptance of service, Plaintiff seeks out of an abundance of caution an Order from this Court requiring Defendant BSH.com and/or the current registrant to plead by a date certain and to serve a copy upon BSH.com and Verisign, Inc., which as the operator of the .com domain name registry, is "the person or persons in possession or charge of such property."  *See* FAVC ¶ 14.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff requests that this motion be granted, that the Court enter the proposed Order submitted herewith, and that the Court grant such further relief as this Court deems proper.

Dated: August 29, 2017   By:   /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*for pro hac admission*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
abbed|2|3|1|1|2|32||4|2
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Plaintiff Qiang Du*

---

[1] Although Defendant BSH.com and Mr. Xiaosheng have entered appearances, they are contesting personal jurisdiction.  Accordingly, they have not "voluntarily appeared" for the purpose of Section 1655.

**CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on August 29, 2017, I electronically filed the foregoing by using the CM/ECF system, which shall cause a copy to be served upon the following:

Yeon Me Kim
CHUGH LLP
1902 Campus Commons Dr.
Ste. 440
Reston, VA 20191
(703) 870-0870 (phone)
Yeon.Kim@chugh.com

*Counsel for BSH.COM and Liu Xiaosheng*

  /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff Qiang Du*