IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| QIANG DU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-00698-LMB-MSN |
| | ) | |
| | ) | |
| BSH.COM, an internet domain name, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF AMENDED MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

| | |
|---|---:|
| TABLE OF AUTHORITIES | 1 |
| PRELIMINARY STATEMENT | 3 |
| BACKGROUND | 3 |
| ARGUMENT FOR MOTION TO DISMISS UNDER 12(b)(2) | 4 |
| ARGUMENT FOR MOTION TO DISMISS UNDER 12(b)(6) | 7 |
| CONCLUSION | 13 |
| CERTIFICATION | 14 |
| EXHIBIT A- BSH.COM SALE TRANSACTION RECEIPTS | |
| EXHIBIT B- CORPORATE CONTACT OF UNIREGISTRY | |
| EXHIBIT C- AFFIDAVIT OF LIU XIAOSHENG[1] | |

**TABLE OF AUTHORITIES**

**CASES**

---

[1] Please note that the Affidavit is only provisionally notarized. Upon knowledge and belief from co-counsel in China, it takes approximately two weeks to notarize a document as it first needs to be translated into Mandarin/Cantonese and then notarized. Our Co-counsel in China provided the current document provisionally notarized and we will be submitting the final notarized Affidavit as a supplement as soon as we receive it.

1

| | |
|---|---:|
| *Pennoyer v. Neff*, 95 U.S 714 (1877) | 4 |
| *Jellenik v. Huron Copper Mining Co* 177 U.S 1(1899) | 5 |
| *Office Depot v. Zuccarini* (9th Circuit 2010) 593 F.3d 696 | 5-6, 10 |
| *Hilsinger Co. v. FBW Investments*, 109 F.Supp.3d 409 | 6 |
| *Gioconda Law Group PLLC v. Kenzie* 941 F.Supp.2d 424 | 8 |
| *Webadviso v. Bank of Am. Corp.*, 448 Fed.Appx. 95, 97 (2d Cir.2011) | 8 |
| *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 493 (2d Cir.2000) | 9 |
| *Interstellar Starship Services, Ltd. v. Epix, Inc.,* 304 F.3d 936, 946 (9th Cir.2002) | 9 |
| *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 238 (4th Cir.2002) | 9 |
| *Scottrade, Inc. v. Broco Investments, Inc.,* 10 Civ. 03 537, 2011 WL 1226467 *9 (S.D.N.Y. Mar. 30, 2011) | 12 |
| *Gratke v. Andersen Windows, Inc.,* No. 10-cv-963 (PJS/LIB), 2010 WL 5439763, at *3 n.4 (D. Minn. Dec. 8, 2010) | 13 |

**LIST OF STATUTES AND RULES CITED**

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(f)

Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d)

28 U.S.C § 1655

Computer Fraud and Abuse Act, 18 U.S.C § 1030

Electronic Communications Privacy Act, 18 U.S.C § 2701, 2707

## PRELIMINARY STATEMENT

BSH.COM, Defendant in the above-referenced matter, by and through its undersigned counsel, files this Brief in Support of its Amended Motion to Dismiss Plaintiff's First Amended Complaint, respectfully seeking a dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) or in the alternative, requesting that the Court strike specific claims in the Complaint for insufficient defense pursuant to Fed. R. Civ. P. 12(f). In his Complaint, Plaintiff claimed *in rem* jurisdiction over the Defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) because he could not obtain *in personam* jurisdiction over any individual, constituting a defendant, in a civil action under 15 U.S.C § 1125(d)(1)(A) and 28 U.S.C § 1655, as Plaintiff claims Defendant is property situated within this district. Plaintiff's claims are made pursuant to the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C § 1125(d) (Claim 1); 28 U.S.C § 1655 (Claim 2); the Computer Fraud and Abuse Act, 18 U.S.C § 1030 (Claim 4); the Electronic Communications Privacy Act, 18 U.S.C § 2701, 2707 (Claim 5); and related claims of Quiet Title (Claim 3) and Conversion (Claim 6). However, as discussed below, Plaintiff facially fails to comply with procedural and substantive requirements necessary to bring forth his claims.

## BACKGROUND

The current owner of BSH.COM, Mr. Liu Xiaosheng, is a citizen and resident of the People's Republic of China. Mr. Xiaosheng purchased the domain name "BSH.COM" on or about May 1, 2017 from a John Doe, called 'Domains Dos' (junn.dossantos@gmail.com), with Thirty Thousand Two Hundred Ninety-Two Dollars ($30,292.00) paid in consideration. The transaction was facilitated by the website ESCROW.COM, which is an Internet service provider. *See* <u>Exhibit A – BSH.COM Sale Transaction Receipts</u>. Mr. Xiaosheng had no prior knowledge of any alleged

misappropriation regarding BSH.COM, and is a bona fide purchaser who bought BSH.COM from ESCROW.COM for value. Plaintiff brought this Complaint against Defendant and a John Doe for "domain name theft" or "domain name hijacking." Plaintiff alleges, amongst other forms of relief, that BSH.COM be returned to him, as he is the rightful owner.

## I. THIS HONORABLE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT PURSUANT TO FED.R.CIV.P. 12(b)(2)

In his First Amended Complaint, Plaintiff initiated claims against Defendants, in this Honorable Court, by claiming *in rem* jurisdiction over the Defendant pursuant to 15 U.S.C §1125(d)(2)(A) and 28 U.S.C § 1655. In *Pennoyer v. Neff*, 95 U.S 714 (1877), it was established that an in rem proceeding involved the "exercise of control over property found within the forum state."

### A. 15 U.S.C §1125(d) is inapplicable to a non-owner of a mark registered in the Patent and Trademark Office.

15 U.S.C §1125(d) or the ACPA, is a long-arm statute which allows for *in rem* jurisdiction in lieu of *in personam* jurisdiction. Plaintiff must, however, satisfy certain conditions for the application of this statute. 15 U.S.C §1125(d)(2)(A), provides that:

> *The owner of a mark* may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if:
> (i) the domain name violates *any right of the owner of a mark registered in the Patent and Trademark Office,* or protected under subsection (a) or (c) of this section; and
> (ii) the court finds that the owner -
> (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action under paragraph (1); or
> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1)…

15 U.S.C §1125(d)(2)(A) (*Emphasis* added). Defendant would like to humbly submit to this Court that Plaintiff cannot bring an action using 15 U.S.C §1125(d)(2)(A) as he is not the 'owner' of the mark BSH.COM. BSH.COM is not registered by the Patent and Trademark Office, nor is it a protected mark as contemplated by subsections (a) or (c) of 15 U.S.C §1125(d)(2)(A). Thus, Plaintiff cannot claim *in rem* jurisdiction over the Defendant using this section.

**B. 28 U.S.C § 1655 is inapplicable as the property in question is not within the district of this Honorable Court.**

28 U.S.C § 1655, whilst expanding the federal courts' power to exercise in rem jurisdiction, sets a prerequisite to be able to exercise this power. It provides as follows:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property *within the district*, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

28. U.S.C. § 1655. (*Emphasis* added). Thus, *in rem* jurisdiction under 28 U.S.C § 1655 can be exercised only if the property in question is "within the district." *Id*. Cases that have found intangible property to have its situs within the forum district have done so on the ground that an entity within the district has effective control or dominion over the property. In *Jellenik v. Huron Copper Mining Co*, the Court adopted an approach that indicated that "*situs under 28 U.S.C § 1655 hinges on whether the property in question is under the control of some person that is subject to the court's jurisdiction*." 177 U.S. 1 (1899). In trying to determine the situs of intangible property such as domain names, the Courts typically found that situs where the domain name registry is located. In *Office Depot v. Zuccarini*, the court ruled that "a creditor may levy against (seize) a

domain name in the jurisdiction where the domain name registry is located." 593 F.3d 696 (9th Cir. 2010)

Applying the court's ruling in *Office Depot*, by Plaintiff's own admission, Plaintiff alleged to have transferred Defendant to Uniregistry Corp ("**Uniregistry**"), an ICANN-accredited domain name registrar on May 3, 2016. Uniregistry held Defendant until it was allegedly stolen/ transferred by John Doe. *See* Exhibit C – FAVC, ¶ 18, 25 and 27.

Uniregistry is a Cayman Islands company with its office located at Grand Cayman. *See* Exhibit B - Corporate Contact of Uniregistry. The registration and service agreements provided on Uniregistry's website also state that the agreements and all disputes thereunder are governed by the laws of Cayman Islands. The situs of the Defendant never was within the jurisdiction of this district. Plaintiff, therefore, cannot avail himself of the long-arm jurisdiction provided by 28 U.S.C § 1655 to claim *in rem* jurisdiction over Defendant.

In *Hilsinger Co. v. FBW Investments*, the US District Court held that the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant. 109 F.Supp.3d 409 (2015). In *Hilsinger Co.*, the Court further held that the exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due process requirements of the United States Constitution. *Id* at 11. Due process requires that a nonresident defendant, over whom a court will exercise personal jurisdiction, has maintained minimum contacts with the state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id* at 11. In order to exercise specific personal jurisdiction, consistent with due process, a nonresident defendant's contacts with the forum-state must represent purposeful availment of the privileges and immunities of that forum state. Such contacts must thereby invoke the benefits and

protections of that state's laws and make the defendant's involuntary presence before the state's courts foreseeable. Voluntariness, as is necessary to satisfy the purposeful availment requirement, mandates that a nonresident defendant's contacts with the forum state proximately result from actions of the defendant himself.

The Defendant is currently registered in the name of Mr. Liu Xiaosheng, a citizen and resident of the People's Republic of China. Mr. Xiaosheng never conducted any activities with respect to the Defendant in the United States and therefore never purposefully availed himself of the benefits of the forum state. *See* <u>Exhibit C- Affidavit by Mr. Xiaosheng</u>[2]. The long-arm statute that the Plaintiff used to exercise personal jurisdiction over the Defendant does not help the Plaintiff's case, as the Plaintiff is neither the owner of the trademark as is required under the statute, nor is the registrar to whom the domain name was transferred to by the Plaintiff, a resident of the forum. Based upon the foregoing, Defendant respectfully requests that the Court dismiss the Complaint for lack of personal/ *in rem* jurisdiction.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST BSH.COM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED.R.CIV.P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. The Complaint is based on Plaintiff's claims under the ACPA, 15 U.S.C § 1125(d) (Claim 1); 28 U.S.C § 1655 (Claim 2); the Computer Fraud and Abuse Act, 18 U.S.C § 1030 (Claim 4); the Electronic Communications Privacy Act,

---

[2] Please note that the Affidavit is only provisionally notarized. Upon knowledge and belief from co-counsel in China, it takes approximately two weeks to notarize a document as it first needs to be translated into Mandarin/ Cantonese and then notarized. Our Co-counsel in China provided the current document provisionally notarized and we will be submitting the final notarized Affidavit as a supplement as soon as we receive it.

18 U.S.C § 2701, 2707 (Claim 5); and related common law claims of Quiet Title (Claim 3) and Conversion (Claim 6).

### A. CLAIM 1 - Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d)

15 U.S.C § 1125(d)(1)(A) provides:

> A person shall be liable in a civil action *by the owner of a mark*…if…that person -
> **(i)** *has a bad faith intent to profit from that mark*, including a personal name which is protected as a mark under this section; *and*
> **(ii)** registers, traffics in, or uses a domain name that -
> **(I)** in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
> **(II)** in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
> **(III)** is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.

15 U.S.C § 1125(d)(1)(A) (*Emphasis* added). Thus, the elements for a civil action under the ACPA are that:

- Only a trademark owner may bring a civil action;
- Against a person who has a bad faith intent to profit from that mark; AND
- Registers, traffics or uses a domain name that is identical or confusingly similar to the (registered trade) mark.

In *Gioconda Law Group PLLC v. Kenzie*, the Federal Court reiterated these basic elements to bring a civil action under the ACPA and held that "To successfully assert a claim under the… ACPA, a plaintiff must demonstrate that: (1) its marks were distinctive at the time the domain name was registered; (2) the infringing domain names complained of are identical to or confusingly similar to plaintiff's mark; and (3) the infringer has a bad faith intent to profit from

8

that mark". 941 F.Supp.2d 424 (2013). *See also Webadviso v. Bank of Am. Corp.*, 448 Fed.Appx. 95, 97 (2d Cir. 2011).

Explaining the intent behind the legislation, the Court in *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.,* stated the following:

> Cybersquatting involves the registration of domain names of well-known trademarks by non-trademark holders who then try to sell the names back to the trademark owners. Since domain name registrars do not check to see whether a domain name request is related to existing trademarks, it has been simple and inexpensive for any person to register as domain names the marks of established companies. This prevents use of the domain name by the mark owners, who not infrequently have been willing to pay 'ransom' in order to get 'their names' back.

202 F.3d 489, 493 (2d Cir. 2000). In other words, "cybersquatting is the Internet version of a land grab. Cybersquatters register well-known brand names as Internet domain names in order to force the rightful owners of the marks to pay for the right to engage in electronic commerce under their own name." *Interstellar Starship Services, Ltd. v. Epix, Inc.,* 304 F.3d 936, 946 (9th Cir. 2002). Additionally, this practice "is considered wrong because a person can reap windfall profits by laying claim to a domain name that he has no legitimate interest in or relationship to." *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 238 (4th Cir. 2002).

The Defendant humbly submits that the Plaintiff is not the owner of the trademark BSH.COM and the current owner of BSH.COM, Mr. Xiaosheng does not have a bad faith intent to profit as is required by the ACPA. Therefore, Plaintiff cannot sustain his claim against BSH.COM for violation of the provisions of the Anticybersquatting Consumer Protection Act.

### B. CLAIM 2 - 28 U.S.C § 1655

28 U.S.C § 1655 provides as follows:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property *within the district*, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

28 U.S.C. § 1655 (*Emphasis* added).

The Plaintiff while asserting his claim under this provision wrongfully claims that the "property is situated in this district." The situs of a domain name is typically found to be with the registrant or the registrar of the domain name. In *Office Depot v. Zuccarini*, the court ruled that "a creditor may levy against (seize) a domain name in the jurisdiction where the domain name registry is located." 593 F.3d 696.

Applying the court's ruling in the *Office Depot*, by Plaintiff's own admission, Plaintiff alleged to having transferred Defendant to Uniregistry Corp ("**Uniregistry**"), an ICANN-accredited domain name registrar on May 3, 2016. Uniregistry held Defendant until it was allegedly stolen/ transferred by John Doe. Exhibit C – FAVC, ¶ 18, 25 and 27.

Uniregistry Corp is a Cayman Islands company with its office located at Grand Cayman. *See* Exhibit B - Corporate Contact of Uniregistry. The registration and service agreements provided on its website also state that the agreements and all disputes thereunder are governed by the laws of the Cayman Islands. Thus, the situs of the Defendant never was within the jurisdiction of this district.

Plaintiff claims the domain name registration records are maintained in the district by VeriSign, Inc. FAVC, ¶ 14. Plaintiff does not provide any additional evidence as to the exact nature of involvement by VeriSign, Inc. *Id*. Assuming that Plaintiff's claims are true that the domain name is maintained by VeriSign, Inc, the registrar of the domain name is still Uniregistry and mere

maintenance of the records is insufficient to levy a claim on the Defendant, which is currently registered in Mr. Xiaosheng' name and who is an innocent purchaser of the domain name. Mr. Xiaosheng purchased the domain name from a John Doe, 'Domains Dos' (junn.dossantos@gmail.com), for Thirty Thousand Two Hundred Ninety-Two Dollars ($30,292.00) in consideration, through the website ESCROW.COM. *See* <u>Exhibit C- Affidavit by Mr. Xiaosheng</u>[3]. Defendant, therefore, humbly submits that the Plaintiff cannot stake a claim on it using 28 U.S.C § 1655, as the Defendant was never located within this district.

### C. <u>CLAIM 4 - Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030</u>

Plaintiff alleges that John Doe committed certain unlawful actions, including causing the protected domain name registration records to be altered so as to transfer the control of the Defendant away from the Plaintiff. Such claims, under the Computer Fraud and Abuse Act 18 U.S.C § 1030(a), must retain four elements: 1) a defendant has accessed a protected computer; 2) defendant has done so without authorization or by exceeding such authorization as was granted; 3) defendant has done so knowingly and with intent to defraud; and 4) as a result, has furthered the intended fraud and obtained anything of value. *Scottrade, Inc. v. Broco Investments, Inc.,* 10 Civ. 03 537, 2011 WL 1226467 *9 (S.D.N.Y. Mar. 30, 2011).

Plaintiff did not state any claim against the Defendant or its current owner, who is a good faith purchaser of the Defendant, for violation of the Computer Fraud and Abuse Act. Therefore, Plaintiff cannot sustain his claim against the Defendant.

---

[3] Please note that the Affidavit is only provisionally notarized. Upon knowledge and belief from co-counsel in China, it takes approximately two weeks to notarize a document as it first needs to be translated into Mandarin/ Cantonese and then notarized. Our Co-counsel in China provided the current document provisionally notarized and we will be submitting the final notarized Affidavit as a supplement as soon as we receive it.

### D. CLAIM 3 - Violation of the Electronic Communications Privacy Act 18 U.S.C §§ 2701, 2707

Plaintiff alleges that John Doe committed certain unlawful actions, which included intentionally accessing unauthorized electronic communications and preventing the Plaintiff from accessing such electronic communication sent by the domain name registrar. Plaintiff did not state any claim against the Defendant or its current owner, who is a good faith purchaser of the Defendant for violation of the Electronic Communications Privacy Act. Therefore, Plaintiff cannot sustain his claim against the Defendant.

### E. CLAIM 4 - Quiet Title

Plaintiff claims that he has a valid legal and equitable title to the Defendant and that John Doe and the current registrant of the Defendant have asserted a claim to the Defendant as to constitute a cloud on the Plaintiff's title to the domain name. Plaintiff further implies knowledge of alleged fraud to the current registrant of the domain name. Whilst the Plaintiff does not make any specific allegation against the Defendant, the current registrant of the Defendant, who purchased the domain name from a John Doe called 'Domains Dos' (junn.dossantos@gmail.com) for Thirty Thousand Two Hundred Ninety-Two Dollars ($30,292.00) in consideration through the website ESCROW.COM, declares that at no point did he have any reason to believe that he was dealing with anyone other than the true owner of the domain name. Mr. Xiaosheng believes that he purchased the domain name at a slightly higher price than its current market value which he believes to be around Twenty-Five Thousand Dollars ($25,000.00). *See* Exhibit C- Affidavit by Mr. Xiaosheng. Since no claim has been made against the Defendant, Plaintiff cannot sustain his claim against the Defendant.

### F. CLAIM 5 - Conversion

Plaintiff alleges that John Doe wrongfully took control of the Defendant and that to the extent John Doe subsequently transferred the Defendant to the current registrant, that the current registrant deprives the Plaintiff of use and control of the Defendant. Since no claim has been made against the Defendant, Plaintiff cannot sustain his claim against the Defendant.

Defendant humbly requests that the Amended Complaint be dismissed against the Defendant for failure to state a claim against it pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative to strike down specific claims within the Complaint for insufficient support pursuant to Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure 12(f) gives the Court the discretion to strike from a pleading material that is "redundant." Fed. R. Civ. P. 12(f). Courts have ruled that the analysis is fundamentally the same pursuant to Rule 12(b)(6) and Rule 12(f), and courts often apply one or both methods. See *Gratke v. Andersen Windows, Inc.,* No. 10-cv-963 (PJS/LIB), 2010 WL 5439763, at *3 n.4 (D. Minn. Dec. 8, 2010).

## CONCLUSION

In conclusion, this Court does not have *in rem* jurisdiction over the Defendant and thereby *in personam* jurisdiction as claimed by the Plaintiff because Plaintiff does not own the mark as required by 15 U.S.C §1125(d)(2)(A) and the situs of the domain name is not within this district as required by 28 U.S.C § 1655. Secondly, Plaintiff has not stated any claim against the Defendant and all his claims are made against John Doe. The current registrant of the Defendant purchased the domain name from a John Doe called 'Domains Dos' (junn.dossantos@gmail.com) by paying a consideration of $30,292.00 through the website ESCROW.COM, which is a popular Internet service provider facilitating the buying and selling of domain names and had no reason to believe that the domain name was stolen.

WHEREFORE as Plaintiff failed to adequately establish jurisdiction, sufficiently plead any of his claims, and effectively show any basis in law for its assertions, Defendant respectfully requests this Honorable Court to dismiss, or in the alternative, strike Plaintiff's claims.

## **CERTIFICATION**

I certify that this BRIEF has been prepared with one of the font and point selections approved by the Court in Local Civil Rule 7(F)(3), to wit: Times New Roman 12 point with one inch margins.

Dated: September 7, 2017

Respectfully Submitted,

/s/ Yeon Me Kim /s/

Yeon Me Kim (VA Bar No: 81446)
Chetana Kaasam *(for pro hac vice admission)*

Chugh LLP
1902 Campus Commons Dr., Suite 440
Reston, Virginia 20191
Tel: (703) 877-0870
Fax: (703) 877-0871
yeon.kim@chugh.com
chetana.kaasam@chugh.com
*Counsel for Defendant*